# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00403-CV

### In re Maria Aguirre

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

### M E M O R A N D U M   O P I N I O N

This original proceeding involves the use of temporary orders in a suit to modify a parent-child relationship to alter a parent's exclusive right to designate the primary residence of children granted as part of a final decree of divorce. The suit to modify was filed within a year of the decree. Relator Maria Aguirre seeks a writ of mandamus to set aside temporary orders signed by the district court on June 26, 2006, prohibiting Aguirre from moving her children beyond Travis County or changing their residence, appointing a guardian ad litem for her children, and ordering the parties to mediation. We conditionally grant the petition in part and deny it in part.

*Procedural Background and Facts*

Relator Aguirre and Real Party in Interest John Olivarez were divorced pursuant to a Final Decree of Divorce signed by the district court on February 17, 2006. Under the terms of the final decree, Aguirre was granted the exclusive right to designate the primary residence of the couple's two minor children. At the time of the divorce, both parties and their children lived in Travis County, Texas. In June 2006, Aguirre informed Olivarez that she planned to relocate

(together with the children) to North Dakota. Olivarez disagreed with Aguirre's decision to relocate the children and filed a suit to modify the parent-child relationship seeking, among other things, to have himself named as the person with the exclusive right to designate the primary residence of the children or, in the alternative, to have a geographical restriction placed on where Aguirre can designate that the children reside. Olivarez also requested the entry of temporary orders either appointing him as the person with the power to designate the primary residence of the children while the case is pending, or prohibiting Aguirre from removing the children beyond a geographical limit set by the court while the case is pending.

Olivarez filed his Petition to Modify Parent-Child Relationship on June 13, 2006. Olivarez did not attach an affidavit to his Petition to Modify Parent-Child Relationship as required by Texas Family Code section 156.102.[1] *See* Tex. Fam. Code Ann. § 156.102 (West Supp. 2005). On the same day, he filed and served a Notice of Hearing for Temporary Orders on Aguirre setting the hearing for June 21, 2006. Included as part of the petition to modify, Olivarez requested that the district court enter temporary orders that, among other things, would prohibit Aguirre from removing the children from Travis County pending the outcome of the suit. The hearing on the request for temporary orders was held on June 21. The district court heard opening statements by counsel and ruled from the bench without taking any evidence. The district court ordered Aguirre not to remove

---

[1] Section 156.102 requires that when a suit seeks to modify who has the exclusive right to determine the primary residence of a child pursuant to a divorce decree within a year of the signing of the divorce decree, an affidavit must be executed and attached to the petition that sets forth facts supporting specific statutory requirements as to the need for such a modification. If such an affidavit is not attached to the petition, the trial court is required to deny relief and refuse to set a hearing on any modification. *See* Tex. Fam. Code Ann. § 156.102 (West Supp. 2005).

the children from Travis County for the purpose of changing the children's residence, and required the parties to mediate on or before August 15. The court also ordered a guardian ad litem be appointed and paid for by the parties although no party sought such relief and no evidence was offered or admitted suggesting such relief was needed. The district court memorialized its orders in a written order signed June 26 titled "Temporary Orders."

Aguirre filed a motion to reconsider on June 23 and a supplement to this motion on June 26 complaining that Olivarez had not complied with Family Code section 156.102 and that the court had entered temporary orders modifying the exclusive right to determine the primary residence of the children as set forth in the final decree of divorce without considering any evidence. *See* Tex. Fam. Code Ann. § 156.102 (West Supp. 2005). The motion to reconsider was heard by the district court on June 30. On the morning of June 30, Olivarez filed an Affidavit in Support of Petition to Modify Parent-Child Relationship. Although the affidavit reflects Olivarez's disagreement with Aguirre's decision to move the children to North Dakota and his concern that it could affect both his relationship with them and their emotional development, the affidavit does not contain any information or supporting facts that satisfy the requirements of section 156.102. *See id*. Without hearing any additional evidence, the district court denied the motion to reconsider and left in place the temporary orders signed on June 26.[2]

---

[2] Although Olivarez filed an affidavit with the district clerk in an attempt to comply with section 156.102, the district judge acknowledged on the record during the hearing on the motion to reconsider that he had not seen the affidavit. The court then denied the motion to reconsider from the bench without considering the affidavit.

*Imposition of Temporary Geographical Restrictions*

Aguirre contends that the temporary orders were an abuse of discretion because Olivarez failed to satisfy the statutory requirements for an order changing the designation of the person with the right to determine the children's residence. Because Olivarez's request to alter the terms of the divorce decree with respect to which party has the right to determine the residence of the children was filed within a year of the entry of the divorce decree, two different statutes in the family code are potentially implicated. We will examine whether the record supports the court's issuance of temporary orders that alter Aguirre's right to determine the residence of the children under both of these statutes. *See* Tex. Fam. Code Ann. §§ 156.006, .102 (West Supp. 2005).

Under section 156.006(b), before a district court considering a suit to modify the custody decree may enter any temporary order that has the effect of modifying the designation of the person who has the exclusive right to designate the primary residence of a child under a final divorce decree, at least one of three enumerated conditions must exist:

> (1) the order is necessary because the child's present circumstances would significantly impair the child's physical health or emotional development;
>
> (2) the person designated in the final order has voluntarily relinquished the primary care and possession of the child for more than six months and the temporary order is in the best interest of the child; or
>
> (3) the child is 12 years of age or older and has filed with the court in writing the name of the person who is the child's preference to have the exclusive right to designate the primary residence of the child and the temporary order designating that person is in the best interest of the child.

Tex. Fam. Code. Ann. § 156.006. The portion of the district court's June 26 Temporary Orders

4

prohibiting Aguirre from "removing the minor children for the purpose of changing their residence outside of Travis County, Texas until further order of the court" deprives Aguirre of her exclusive right under the divorce decree to designate the primary residence of the children. This has the effect of changing the designation of the person with the exclusive right to determine the primary residence of the children. *See In re David Levay*, 179 S.W.3d 93, 96 (Tex. App.—San Antonio 2005, no pet.); *In re Ostrofsky*, 112 S.W.3d 925, 929 (Tex. App.—Houston [14th Dist.] 2003, no pet.). To have granted this relief, the court must have found that one of the conditions in section 156.006(b) existed. No party contends in the trial court or here that the provisions of section 156.006(b)(2) and (b)(3) apply in this case. For section 156.006(b)(1) to apply, the district court must have heard evidence sufficient to find that "the order is necessary because the child[ren]'s present circumstances would significantly impair the child[ren]'s physical health or emotional development." *See* Tex. Fam. Code Ann. § 156.006(b)(1).

There is no evidence in the record to support such a finding. The court did not hear or consider evidence at the hearing on temporary orders at all. Although Olivarez filed an affidavit after the hearing on temporary orders, the affidavit was not offered as evidence in support of the request for temporary orders or considered by the district court in granting the temporary relief. In addition, the affidavit does not contain facts or information to support the required finding that a temporary order altering Aguirre's right to designate the primary residence of the children is necessary. The only averment in the affidavit that touches on such an issue at all is Olivarez's statement: "In fact I believe it would impair their [the children's] emotional development to be brought to a place away from their family where they have no family ties." Olivarez's statement of

5

his belief as to what might happen if the children move away from a portion of their family (there is no dispute that they would be moving with their mother), unsupported by any facts other than the fact of the move, is not evidence that a temporary order is necessary to protect the children from present circumstances that will significantly impair their physical health or emotional development. Olivarez did not establish the existence of any of the conditions permitting temporary modification. Thus, the district court's June 26 temporary order regarding Aguirre's ability to move the primary residence of the children outside of Travis County was an abuse of discretion.[3]

Aguirre argues that the orders were improper because Olivarez's proof fails to satisfy the requirements to obtain a hearing or relief under the statue specifically governing petitions filed within a year of the decree that seek to modify the designation of the person with the exclusive right to designate the child's residence. *See* Tex. Fam. Code Ann. § 156.102. That statute required Olivarez to attach to his Petition To Modify Parent-Child Relationship an affidavit alleging the existence of at least one of the following circumstances:

> (1) that the child's present environment may endanger the child's physical health or significantly impair the child's emotional development;

---

[3] We note that the Travis County district courts have a standing order, a copy of which was attached to Olivarez's petition to modify, that applies in every suit affecting the parent-child relationship filed in Travis County. That order expressly prohibits removing children who are the subject of such suits from the State of Texas without the written agreement of both parties or an order of the Travis County District Court. We do not comment on the applicability or effect of the standing order on this matter, or the interplay of the standing order with section 156.006, because these issues are not before us in this proceeding. *See* Tex. Fam. Code Ann. § 156.006 (West Supp. 2005).

6

(2) that the person who has the exclusive right to designate the primary residence of the child is the person seeking or consenting to the modification and the modification is in the best interest of the child; or

(3) that the person who has the exclusive right to designate the primary residence of the child has voluntarily relinquished the primary care and possession of the child for at least six months and the modification is in the best interest of the child.

Tex. Fam. Code Ann. § 156.102(b). The statute requires the court to "deny the relief sought and refuse to schedule a hearing for modification under this section unless the court determines, on the basis of the affidavit, that facts adequate to support an allegation listed in Subsection (b) are stated in the affidavit." *Id*. § 156.102(c). Olivarez's petition as originally filed did not have an affidavit attached. As set out above, the affidavit he filed after the initial hearing on temporary orders does not contain information or supporting facts sufficient to meet any of the requirements in section 156.102 to obtain relief on the merits or for modification under this section. Under the statute, the lack of such an affidavit requires the district court to refuse to schedule a hearing and to deny the relief sought with respect to changing the designation of the person with the right to determine the residence of the children. The district court abused its discretion by awarding temporary relief that had the effect of modifying this aspect of the decree, even on a temporary basis, based on the affidavit in this record because it does not supply the facts necessary to support modification of the decree.[4] *See id*.

---

[4] There is a question as to the extent section 156.102 comes into play when a party is seeking to, in effect, modify the designation of the persons with the right to determine a child's residence within a year of a divorce decree by means of a request for temporary orders. We do not express an opinion on how or if section 156.102 applies when the request for modification is in the form of a request for temporary orders within a year of a decree because we conclude that the record in this matter does not support temporary orders under either section 156.006 or section 156.102.

*Appointment of a Guardian Ad Litem*

Neither party presented any evidence at the hearing on the request for temporary orders. Thus, there was no evidence before the district court as to the need for or advisability of having a guardian ad litem in this matter together with the concomitant expense. Neither did the argument of counsel demonstrate any need at this time for the appointment a guardian ad litem.[5] On this record, the requirement that a guardian ad litem be appointed pending a final hearing on the merits is an abuse of discretion and should be vacated.

Relator Maria Aguirre's Petition for Writ of Mandamus is denied in part and conditionally granted in part. We deny the request for relief with respect to the district court's order that the parties mediate. The district court must vacate its temporary orders signed June 26, 2006, prohibiting Aguirre from moving the primary residence of the children and ordering the appointment of a guardian ad litem. The writ of mandamus will issue only in the event that the trial court does not act in accordance with this opinion.

_____

G. Alan Waldrop, Justice

Before Justices Puryear, Pemberton and Waldrop

Filed: August 25, 2006

---

[5] Neither party sought the appointment of a guardian ad litem.

8